IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSHI TECHNOLOGIES
INTERNATIONAL, INC.,

      Plaintiff,

v.                                        No. 2:15-cv-00467-KG-CG

CHI ENERGY, INC.,

      Defendant.

## ORDER OF REFERENCE

Pursuant to the Court's "Order Selecting and Appointing the Special Master," entered on

January 5, 2018, appointing Tim Smith as Special Master under Fed. R. Civ. P. 53, (Doc. 95), the

Court now enters this Order of Reference detailing the term of his appointment, the scope of his

duties, his authority, and compensation.[1]  The Court appointed Mr. Smith to serve in his capacity

as Special Master as an unbiased and objective advisor, who will evaluate the interests in this

litigation to aid the Court in determining the issues of law and fact.

On January 22, 2018, pursuant to Rule 53(b)(3)(A), Mr. Smith filed a "Special Master

Affidavit," in which he attested that he is not disqualified to serve as Special Master under 28

U.S.C. § 455(b).  (Doc. 96).  Neither party has objected to Mr. Smith's affidavit.   Therefore, the

Court now details the scope of Mr. Smith's appointment as Special Master.

---

[1] The Court made this appointment pursuant to Rule 53 and the inherent authority of the Court.
*See Sibley v. Spirit Nextel Corp.*, 298 F.R.D. 683, 685 n.3 (D. Kan. 2014) ("Beyond the
provisions of [Fed. R. Civ. P. 53] for appointing and making references to Masters, a Federal
District Court has the inherent power to supply itself with this instrument for the administration
of justice when deemed by it essential.") (internal quotation marks omitted) (citing *Schwimmer v.
United States*, 232 F.2d 855, 865 (8th Cir. 1956)).

## I. The Special Master Shall Be Accountable to the Court

The Special Master will be accountable only to the Court and will not be supervised by Plaintiff or Defendant. The Special Master is independent from Plaintiff and Defendant. Pursuant to Rule 53(b)(2)(B), however, the Special Master may consult with Plaintiff or Defendant *ex parte* for the sole purpose of collecting information regarding the interests at issue in this litigation.

## II. Duties, Term, and Authority of the Special Master

Considering the September 1, 2012, transaction at the heart of this dispute, the Special Master's task is to assist the court in determining what assignments were purportedly made, the fair market value of such assignments, and any potential damages related to this transaction. The Special Master will proceed with all reasonable diligence in making his determinations. The scope of his term, work, duties, and authority include:

A. The Special Master is appointed to serve until September 14, 2018, subject to any extension the Court deems necessary.

B. The Special Master's duties are as follows:

1. calculate the fair market value of Joshi's share of the leasehold interests and wellbores, in the Assignment and Bill of Sale (Doc. 1-3), including those listed in Exhibit A (Doc. 1-3 at 4-5) and those properties listed in the September 10, 2012, letter, (Doc. 1-2), as of September 1, 2012;

2. calculate the fair market value of Joshi's share of the wellbores listed in Exhibit A of the Assignment, as of September 1, 2012, (Doc. 1-3 at 4-5);

3. calculate the fair market value of Joshi's share of the relevant so-called "Zircon Wells," as of September 1, 2012;

4.  if necessary, calculate the fair market value of Joshi's deep rights as described in the Assignment and Bill of Sale (Doc. 1-3), including those listed in Exhibit A (Doc. 1-3 at 4-5) and those properties listed in the September 10, 2012, letter (Doc. 1-2), as of September 1, 2012;

5.  account for all revenues and costs beginning September 1, 2012, through March 1, 2018, attributable to Joshi's share of the leasehold interests and wellbores, described in the Assignment and Bill of Sale, Exhibit A, and September 10, 2012, letter (Docs. 1-2 and 1-3);

6.  account for all revenues and costs beginning September 1, 2012, through March 1, 2018, attributable to Joshi's share of the wellbores listed in Exhibit A of the Assignment (Doc. 1-3 at 4-5);

C.  The Special Master's duties may be modified, altered, or enlarged, including updating any information, if necessary, to aid the Court.

D.  It is of critical importance to emphasize that the Special Master's success depends, to a great extent, on the parties' full cooperation and willingness to assist him in any way necessary. This includes making readily available to the Special Master any and all individuals, information, documents, materials, and files under the parties' control that the Special Master needs to perform his duties.

E.  The Special Master will draft and submit to the Court a status report on May 31, 2018, an interim report for the benefit of the Court on July 16, 2018, and a formal report on September 14, 2018. The Court will ensure the status and final reports are electronically entered on the case docket sheet.

F. Pursuant to Rule 53(c)(2), the Special Master may impose on any party any non-contempt sanction as authorized by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

## III.     Compensation, Staff, Expenses, and Payment Procedures

No later than thirty (30) days from the date of entry of this Order of Reference, the Special Master shall submit a proposed budget for the term of this appointment, including any expenses necessary to effectively carry out his duties. The Special Master may consider for his proposed budget the costs including, but not limited to, those associated with employing necessary consultants and technical, administrative, clerical, and support staff, and costs associated with necessary equipment, travel, and operating expenses. The parties will have seven (7) days from the receipt of the proposed budget to file any objections to the proposed budget. Once the Court has reviewed the proposed budget and any objections, the Court will decide whether to approve the proposed budget.

The Special Master shall keep a record of his fees and expenses, which will be made available for inspection upon the request of the Court or the parties. The Special Master will submit monthly statements to the Court for its approval. Upon the Court's approval of the statements as reasonable, the parties will have thirty (30) days to pay their respective equal portion of the bill. The Court will communicate its approval to the parties via email. Confidential portions of the record of fees and expenses will reflect general statements of the action or item charged. The parties will bear the costs equally.

## IV.     Special Master's Record

No later than 21 days from the filing of the Special Master's final report, the parties may file any objections, as provided by Rule 53(f)(2). The Court will review these objections as

provided by Rule 53(f)(3), (4), (5).  Failure to timely object to the Special Master's findings will constitute a waiver of those objections.  The Special Master must maintain a complete record of the evidence he considers in making recommendations and findings of fact.

## V.  Continuing Court Supervision

At any time during the Special Master's tenure, either party may file a motion with the Court concerning the conduct or replacement of the Special Master.

UNITED STATES DISTRICT JUDGE