IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHI TECHNOLOGIES
INTERNATIONAL, INC.,

    Plaintiff/Counterdefendant,

vs.                                             Civ. No. 15-467 KG/CG

CHI ENERGY, INC.,

    Defendant/Counterclaimant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Joshi Technologies International, Inc.'s (Joshi) Motion to Amend Complaint and Answer to Counterclaim (Motion to Amend), filed February 28, 2019. (Doc. 132). Chi Energy, Inc. (Chi) filed a response on March 14, 2019, and Joshi filed a reply on March 27, 2019. (Docs. 133 and 137). Having considered the Motion to Amend, the accompanying briefing, and the proposed pleadings, the Court denies the Motion to Amend.

*A. Background*

The Scheduling Order in this matter provided that Joshi file motions to amend pleadings by December 31, 2015. (Doc. 17). Indeed, Joshi filed an "Amended Complaint for Breach of Contract, Fraud in the Inducement, and Unjust Enrichment" (First Amended Complaint) on July 31, 2015. (Doc. 5).

On January 29, 2016, Chi filed its Second Amended Answer and First Amended Counterclaim. (Doc. 22). On February 11, 2016, Joshi filed its Amended Answer to First Amended Counterclaim in which Joshi raised several affirmative defenses. (Doc. 23).

Joshi now moves to file a Second Amended Complaint to add Count IV, a reformation claim premised on mutual mistake of fact. Joshi also moves to file a Second Amended Answer to First Amended Counterclaim to add a mutual mistake of fact affirmative defense.

Joshi notes that the existing First Amended Complaint "clearly sets forth the facts giving rise to a claim for reformation as a result of unilateral or mutual mistake." (Doc. 132) at 2. Joshi contends "[t]here would be no need for additional discovery, and therefore no prejudice to Chi" because "the facts underlying Joshi's reformation claim and affirmative defense have already been fully examined during discovery in this lawsuit."[1] *Id.* at 2-3. Joshi further asserts that allowing these amendments would not affect a trial date.

Chi opposes the Motion to Amend in its entirety. Chi correctly notes that Joshi violated the Scheduling Order's December 31, 2015, deadline for filing motions to amend pleadings when it filed the Motion to Amend. Chi argues that Joshi has failed to meet the good cause requirement of Fed. R. Civ. P. 16(b)(4) to modify the Scheduling Order's deadline for filing motions to amend pleadings. Chi further argues that the Court should not grant the Motion to Amend under Fed. R. Civ. P. 15(a), because Joshi unduly delayed filing the Motion to Amend. Finally, Chi asserts that granting the Motion to Amend will prejudice Chi.

B. Discussion

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification [of the scheduling order] under [Rule] 16(b)(4) and (2) satisfaction of the Rule 15(a) standard" to amend the pleading. *Husky Ventures, Inc. v. B55*

---

[1] The discovery deadline expired on April 29, 2016, although the Court later allowed limited discovery, which ended on September 15, 2017. (Docs. 17 and 65).

*Investments, Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018) (citation omitted). The Tenth Circuit recently explained,

> "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments 'only for good cause and with the judge's consent.'" "In practice, [the Rule 16(b)(4)] standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'"

*Id.* at 1019-20 (citations omitted). A Rule 16(b)(4) movant cannot establish diligence and good cause if the movant "knew of the underlying conduct but simply failed to raise [its] claims." *Id.* at 1020 (citation omitted). The movant must "provide an adequate explanation for any delay…." *Id.* (citation omitted). "If good cause is not shown under Rule 16(b)(4) to modify the scheduling order, the district court need not consider whether the requirements for leave to amend under [Rule] 15(a) have been satisfied." *Perez v. Denver Fire Dep't*, 724 Fed. Appx. 646, 649–50 (10th Cir. 2018).

In its reply, Joshi argues that Chi's Opposed Motion for Reconsideration of Summary-Judgment Rulings (Doc. 131), filed February 28, 2019, provides good cause for modifying the Scheduling Order and permitting Joshi's amendment of the pleadings. Nonetheless, Joshi reiterates that it "has already pleaded the elements of and remedy for mutual mistake." (Doc. 137) at 1-2. Joshi, therefore, admits it knew of the underlying conduct for the reformation claim and mutual mistake of fact affirmative defense when it filed the July 2015 First Amended Complaint and the February 2016 Amended Answer to First Amended Counterclaim. Thus, Joshi could have raised the reformation claim in July 2015 and raised the mutual mistake of fact affirmative defense in February 2016. Considering this prior knowledge of the underlying conduct supporting the Motion to Amend, Joshi does not adequately explain why it delayed filing the Motion to Amend until now. Hence, Joshi has not demonstrated good cause under

Rule 16(b)(4) to modify the Scheduling Order's deadline for filing motions to amend pleadings. The Court, therefore, will deny the Motion to Amend as untimely under the Scheduling Order.

IT IS ORDERED that Joshi's Motion to Amend Complaint and Answer to Counterclaim (Doc. 132) is denied.

UNITED STATES DISTRICT JUDGE